**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED MERCHANT SERVICES, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ROYAL WESTERN COMPUTER, INC., et al., <br><br> *Defendants*. | Civil No.: 22-cv-4791 (KSH) (JRA) <br><br><br> **ORDER** |

This matter comes before the Court on the report and recommendation (D.E. 118) of Magistrate Judge Jose R. Almonte, recommending that this Court (1) strike the answer and counterclaims of defendants[1] Jong S. Lim ("Lim") and Royal Western Computer Inc. ("Royal Western," together with Lim, "defendants"), based on the failure of Royal Western, which as a corporation cannot litigate *pro se*, to retain replacement counsel after its counsel withdrew and the failure of Lim to comply with court orders through his abandonment of this litigation; and (2) allow plaintiffs to request that the Clerk enter default and file a motion for entry of default judgment; and

WHEREAS, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); L. Civ. R. 72.1(c)(2) (the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge," and "may consider

---

[1] Plaintiffs' motion to strike is not directed at defendant Tomorrow POS, Inc., which remains an active defendant in this case. (*See generally* D.E. 111-1, Mtn. to Strike.)

1

the record developed before the Magistrate Judge, making his or her own determination on the basis of that record"); and

WHEREAS, defendants were noticed through the "Court's electronic filing system, via email, and overnight mail" (D.E. 111-11, at 1) that dismissal of their claims was being contemplated, *see Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987); and

WHEREAS, no party has filed objections to the report and recommendation, and the time for filing objections has passed; and

WHEREAS, this Court has reviewed the record and given "reasoned consideration" to the report and recommendation and the dispositive legal issues discussed therein, *see EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); and

WHEREAS, the record fully supports the report and recommendation's conclusion that defendants' answer and counterclaims must be stricken based on Royal Western's failure to retain counsel and Lim's failure to comply with court orders through his abandonment of this litigation; and

WHEREAS, as Judge Almonte found, this sanction is permitted by Fed. R. Civ. P. 37(b)(2)(A) and satisfies the criteria set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984),

**IT IS**, on this 13th day of February, 2026,

**ORDERED** that the report and recommendation (D.E. 118) is **ADOPTED**; and it is further

**ORDERED** that the answer and counterclaims (D.E. 80) of defendants Lim and Royal Western are stricken; and it is further

2

**ORDERED** that plaintiffs shall file a request for entry of default against defendants Lim and Royal Western within 7 days after the date of entry of this order, and shall thereafter file their motion for default judgment within 7 days after default is entered; and it is further

**ORDERED** that plaintiffs shall serve a copy of this order to defendants Lim and Royal Western at their email address and via certified mail at their last known address.


*/s/ Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.